DA 13-0083

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 24N

IN RE THE MARRIAGE OF:

BARBARA DESCHAMPS,

   Petitioner and Appellee,

  v.

DENNIS DESCHAMPS,

   Respondent and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DR 08-93
       Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Dennis O. Deschamps, self-represented; Lolo, Montana

   For Appellee:

     Richard A. Reep, Reep, Bell & Laird, P.C.; Missoula, Montana

         Submitted on Briefs: January 2, 2014
             Decided: January 28, 2014

Filed:

    _____
        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dennis Deschamps (Dennis) appeals from the Decree of Dissolution of the Montana Fourth Judicial District Court, Missoula County, granting Barbara Deschamps (Barbara) spousal support in the amount of $1,000.00 per month until Dennis dies, Barbara reaches the age of sixty-six, Barbara remarries, or Barbara dies. We affirm.

¶3 Dennis and Barbara were married on July 17, 1982 and separated in 2008. Barbara continued to reside in the marital home throughout the case. The parties attempted to reconcile. In early 2011, the parties separated again and dissolution proceedings moved forward.

¶4 Following a trial where the parties testified and presented evidence, the District Court entered extensive findings of fact related to Dennis's and Barbara's financial and personal circumstances. Barbara is currently employed at Allegiance Benefits, where she works in the mail room for a wage of $10.25 per hour and receives health benefits. She also manages Victor Trailer Park, a property the parties own that the court awarded to her as an income-producing asset in its order. She was scheduled for a knee surgery following trial, suffers from a prolapsed bladder and is a cancer survivor requiring regular checkups. She has had to forego some of the medical care she needs because of her financial circumstances. Due to her health, Barbara cannot obtain life insurance and would require high risk health insurance

but for her group coverage. She lives at the former family residence, which was originally purchased by her mother. Her mother testified that the initial purchase of the residence, as well as the eventual conveyance of the residence by quit claim deed to Dennis and Barbara, was intended to benefit Barbara and the children. That residence is encumbered by a loan incurred to purchase Victor Trailer Park.

¶5 Dennis co-owns an automotive mechanical repair shop, Peak Automotive Services, Inc. (Peak). His co-shareholder is Randy Smith (Smith). Dennis is trained as an automobile mechanic and was licensed as a realtor. He is generally in good health. The District Court found that Dennis has "by choice" not held a full-time job since 2005. He owns several trailer parks. He works part-time in the front room at Peak and lives primarily off the "investment" or "rent" distributions from the trailer parks. He has refused to pay anything to support Barbara. Peak pays Dennis's and Smith's health insurance premiums, pays taxes on property near Anaconda owned by Dennis and Smith, provides service on personal vehicles without charge and provides gas and oil for personal vehicles. Smith, who works as a full-time auto mechanic at Peak, earns approximately $46,000.00 a year—and testified that Dennis holds the same skills as he does. The District Court determined that Dennis could earn the same income as Smith.

¶6 In its final decree, the District Court distributed certain disputed marital property and concluded that, because there was insufficient marital property to distribute to Barbara in lieu of maintenance, an award of monthly support was necessary. In addition, the District Court concluded that each party should pay and be responsible for his or her own attorneys' fees and costs.

3

¶7 Section 40-4-202, MCA, governs the distribution of a marital estate. *In re Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39. We review the District Court's interpretation of the statute de novo, for correctness. *In re Funk*, ¶ 6. Absent clearly erroneous findings, we will affirm a district court's division of property and award of maintenance unless we identify an abuse of discretion. *In re Funk*, ¶ 6.

¶8 Here, as Barbara points out, Dennis has alleged no specific error amounting to an abuse of discretion on the part of the District Court. Instead, he argues that he cannot support himself and his grandson, Casey, while also paying spousal support. We conclude that the District Court made a well-reasoned determination that Dennis is under-employed and could supplement his income by working, for instance, as an auto mechanic. In addition, Barbara, given her medical condition and earning potential, manifestly needs Dennis's support. The District Court made no error of fact or law, and did not abuse its discretion, in awarding Barbara spousal maintenance in the amount of $1,000.00 a month.

¶9 Barbara also urges that we exercise our discretion pursuant to § 40-4-110, MCA, to award her attorneys' fees and costs incurred in defending Dennis's appeal. Section 40-4-110(2), MCA, provides that "[t]he purpose of this section is to ensure that both parties have timely and equitable access to marital financial resources for costs incurred before, during, and after a proceeding . . . ." Because we are affirming the District Court's award of spousal maintenance in Barbara's favor, and because we conclude that the District Court fairly and equitably distributed the marital estate, no additional financial assistance to Barbara is necessary to achieve the purpose of the statute. Accordingly, we decline to exercise our discretion to award Barbara costs and attorney's fees related to this appeal.

4

¶10	We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are controlled by the statutes and precedent. The District Court did not abuse its discretion in awarding Barbara spousal maintenance. We decline Barbara's request for an award of costs and attorneys' fees related to this appeal.

¶11	Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON